OTT Rutland, LLC v. State, No. 556-9-05 Wncv  (Toor, J., Dec. 14, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
WASHINGTON COUNTY, SS

| | |
|---|---|
| OTT RUTLAND, LLC<br>  Plaintiff<br><br>  v.<br><br>STATE OF VERMONT,<br>DEPARTMENT OF TAXES<br>  Defendant | SUPERIOR COURT<br>Docket No. 556-9-05 Wncv |

RULING ON MOTION TO REMAND

This case is brought by a taxpayer appealing the denial of a land gains tax refund request. Before the court is the State's motion to remand the case to the Commissioner of the Department of Taxes.

Relevant Facts

The following facts are undisputed. On February 4, 2005, taxpayer OTT Rutland (OTT) filed a request for a refund of land gains taxes. Under 32 V.S.A. § 5884, the Commissioner is required to "hold a hearing on the claim and shall notify the taxpayer of his determination of the claim within thirty days of the hearing." In addition, it provides that "[t]he failure of the commissioner to refund the amount claimed by a taxpayer within six months . . . shall be considered to be a notification to the taxpayer of the commissioner's determination concerning

the claim." The Commissioner did not hold a hearing and did not rule on the claim within the following six months.

On August 16, OCC filed its notice of appeal of the "deemed denial" with the Commissioner. On August 29, shortly after the six months passed, and without formally stating any ruling on the refund claim, the Commissioner assessed an additional amount of land gains taxes.

## Conclusions of Law

The State seeks remand to the Commissioner for the purpose of holding a hearing. The State argues that because review in this court is "on the record," and there is no record, remand is needed to provide the court with something to rule upon. OTT argues that the statute mandates action by the Commissioner within six months, and that allowing remands when the time period is past would make the time limit a nullity.[1]

The statute, as noted above, does require that the Commissioner hold a hearing and issue a decision within six months or be deemed to have denied the refund request. 32 V.S.A. § 5884 (a). It also requires that the taxpayer file any appeal within thirty days of a denial. Id. § 5885. Thus, while remand is normally favored when an administrative record is incomplete, this is an unusual statute which expressly mandates appeals even when there obviously will be no fully elaborated record.

What the State seeks here is to allow the Commissioner to take no action within the six-month period and then, when a taxpayer appeals the denial, to have the opportunity to do what it should have done earlier. The court concludes that this is contrary to the language of the statute. It makes no sense to require action within a certain time period and then allow additional time

---

[1] OTT makes a number of other arguments, but the court's disposition of this issue makes it unnecessary to reach them.

merely because the Commissioner did not do what it was supposed to do the first time. The Legislature has created a specific mechanism for allowing taxpayers to appeal to the court even when the Commissioner takes no action one way or the other. Sending the matter back to the Commissioner after a taxpayer has complied with the statute despite the Commissioner's failure to do so would undercut the express language of the statute.

Nor does the court agree that it is impossible to review the matter because there is "no record." The record consists of whatever documents the taxpayer filed with the Department of Taxes. V.R.C.P. 74(d) and 3 V.S.A. § 809(e) (record includes "all pleadings [and] motions").[2] If the Commissioner was able to rule without a hearing based merely upon those documents in its later determination of the additional taxes due, this court should be equally able to do so after adequate briefing.

<u>Order</u>

For the foregoing reasons, the motion to remand is denied. The parties are directed to agree on a date for the filing of summary judgment motions, or to propose an alternate way of proceeding, and to so advise the court by December 30.

Dated at Montpelier this 13th day of December, 2005.

_____
Helen M. Toor
Superior Court Judge

---

[2] The State argues that there were no "proceedings" at all as defined in Rule 74. However, even when a hearing is held the original filings with the agency are part of the record that comes to this court. The word "proceedings" does not exclude filings that precede an actual hearing.